No. 11,328.

STATE EX REL. FOX & SEARLES VS. FRED. D. KING, JUDGE DIVISION B, CIVIL DISTRICT COURT.

The same issues are presented in State ex rel. Gaiser vs. Judge, No. 11,330, slightly varying in statement, and as the reasons and authorities therein given are directly applicable, a conclusion similar is followed.

The only question is one of authority *vel non* to appoint a receiver, and the legality of a resolution of the company approving the appointment.

The issues must come up on appeal, if at all, after proof heard before the court of first instance.

APPLICATION for *Certiorari*, Prohibition and *Mandamus*.

*Henry P. Dart* and *F. B. Thomas* for the Relator.

*Horace E. Upton* and *Lazarus, Moore & Luce* contra.

The opinion of the court was delivered by

BREAUX, J. The grounds on which the relators claim relief are, that on the 28th August, 1893, the Lafayette Bank of St. Louis, corespondent herein, filed a suit in the Civil District Court, in which the single issue was the appointment of a receiver, the court being incidentally requested to stay certain proceedings against the Algiers Brewing Company, the party defendant therein, an alleged insolvent corporation. That they are a commercial firm, domiciled in the city of New York, and doing business under the firm name and style of Fox & Searles, and ordinary creditors of the defendant, in the sum of $500, less a credit of $99.30, represented by a promissory note, and in a second sum of $3064.

That the defendant company is owner of the Algiers Brewery, which has a value in excess of $200,000. That upon the averments

of plaintiff's petition an order was granted by the respondent judge, in vacation, *ex parte* and without notice to the stockholders or to the brewing company, or to any other person or creditor interested, and which is to the following purport:

That considering the existence of certain suits against and seizures of the property of the brewing company, and that the defendant corporation, through its board of directors, has consented to the appointment of a receiver; and further considering that the sale of an important part of the machinery necessary to conduct the business of the brewery, is about to take place, and that a sale will operate to the manifest injury of all concerned, unless the order to sell is stayed; and further considering that this is a proper case for the exercise of the equitable powers of the court, in the interest of all creditors, secured as well as unsecured, and for the appointment of a receiver to take charge and conduct the business of the corporation, subject to the order of the court, or to make such disposition of the property as is fair, equitable and just, a receiver is hereby appointed and entrusted with all powers with which receivers are invested under the law.

The order further directs that the receiver appointed shall take charge of the property and effects of the corporation, and cause same to be inventoried and appraised, and that the civil sheriff be directed and required to suspend the sale under *fi. fa.* in his hands as well as all other proceedings under the writ of sequestration.

Of the foregoing proceedings and order the relators complain that within ten days of its rendition they applied to the respondent judge for permission to intervene in said suit for the sole purpose of appealing suspensively from said order, and thereupon moved the court for a suspensive appeal returnable to this court tendering bond and security and that the respondent refused his application.

The grounds assigned in argument by counsel for respondent are as follows:

1. That creditors can not as third persons appeal *ex parte* without proof contradictorily taken to establish an interest.

2. That the judgment complained of is interlocutory and does not work an irreparable injury.

3. That the remedy for any injury such an order may inflict is by rule to have the order set aside.

The same issues are presented in State ex rel. Gaiser vs. Judge, No. 11,330 *post*, slightly varying· in statement, and as the reasons and authorities therein given are strictly applicable, we adopted them as decisive in this case.

It is therefore ordered, adjudged and decreed that the rule *nisi* be set aside and relators' demand rejected at their cost.